**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CONTINENTAL CASUALTY COMPANY and
COLUMBIA CASUALTY COMPANY,

      Plaintiffs/Counter-Defendant,      Civil Action No. 05-73918

v.      HONORABLE DENISE PAGE HOOD

INDIAN HEAD INDUSTRIES, INCORPORATED,

      Defendant/Counter-Plaintiff.
_____/

**ORDER REGARDING VARIOUS MOTIONS**

**I.    INTRODUCTION/BACKGROUND**

This matter is before the Court on various motions filed by the parties. Briefs have been filed and a hearing was held on the matter. This Order will address non-substantive motions filed by the parties. A separate Order will be entered regarding Indian Head's various Motions for Partial Summary Judgment.

By way of background, the first motion was filed by Plaintiffs on September 6, 2006 on the Issue of Allocation. Indian Head filed a response on October 9, 2006. A hearing was held on November 1, 2006. Plaintiffs filed a Motion to Stay the case pending the Court's ruling on their Motion on the Issue of Allocation on December 21, 2006. No response was filed to the motion and an Order granting the motion to stay January 10, 2007. The Court issued its order on the Issue of Allocation motion on January 15, 2010 and the Court lifted the stay given that the order addressing the motion on the issue of allocation had been entered. The motions which were stayed pursuant to the Court's January 10, 2007 Order were reopened and are addressed below or in a separate order.

**II.     MOTION TO MODIFY ORDER GRANTING MOTION TO STAY (No. 76)**

In this motion, Indian Head sought an Order modifying the Order staying the case indicating it sought to address the motions it filed prior to the entry of the January 10, 2007 Order to Stay. This motion is now moot, given that the Court has reopened the motions which were stayed. However, it is noted that Indian Head did not file a response opposing Plaintiffs' Motion to Stay pending the Court's ruling on Plaintiffs' Issue of Allocation motion and prior to the Court's issuance of the January 10, 2007 Order to Stay.

**III.    MOTION FOR ORDER REVISING OR RESCINDING COURT'S ORDER ON ISSUE OF ALLOCATION FILED BY INDIAN HEAD (No. 92) AND MOTION TO STRIKE MOTION FOR ORDER REVISING OR RESCINDING COURT'S ORDER ON ISSUE OF ALLOCATION FILED BY PLAINTIFFS (No. 99)**

Although Indian Head asserts that this motion is not a Motion for Reconsideration under Local Rule 7.1, but a motion to invoke the Court's inherent power to "revise" or "rescind" its January 15, 2010 Order regarding the Issue of Allocation. Plaintiffs submits that Indian Head's motion is essentially a Motion for Reconsideration which was untimely filed on February 28, 2010 and should be stricken.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). Plaintiffs' motion is timely filed. The Local Rule further states:

> (3)  **Grounds**.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and

> the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

The Court finds that Indian Head's motion is untimely and re-hashes the same arguments filed in its response brief to Plaintiffs' Motion regarding Issue of Allocation. Indian Head asserts that the Court viewed the motion in isolation of all the other motions filed by Indian Head and the Court should have considered the other motions. As noted above, the Court issued an *unopposed* MOTION to Stay the case pending the Court's ruling on the Issue of Allocation motion filed by Plaintiffs, which was fully briefed and argued by the parties. It was not until after the arguments on the motion that subsequent motions were filed by Indian Head. Indian Head states that it is against "piecemeal" litigation, yet it is Indian Head who has filed separate summary judgment motions. It is noted that the Local Rules now prohibit more than one summary judgment motion to curb the litigant's practice of filing several summary judgment motions. See E.D. Mich. LR 7.1(b). The Court denies Indian Head's Motion for Order Revising or Rescinding the Court's Opinion and Order Granting Plaintiff's MOTION for Partial Summary Judgment on the Issue of Allocation. Plaintiffs' Motion to Strike Indian Head's Motion for Order Revising or Rescinding the Court's Opinion and Order is moot.

**IV.    INDIAN HEAD'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON ISSUE OF ALLOCATION (No. 47)**

3

Indian Head filed its Cross-Motion on Issue of Allocation on January 3, 2007, after it had filed a response to Plaintiffs' Motion for Partial Summary Judgment on the Issue of Allocation and after the Court held a hearing on the matter. The Cross-Motion cannot be a cross-motion since Indian Head did not file the motion with its response to Plaintiffs' Motion on the Issue of Allocation. The Cross-Motion addresses the same issues raised in the parties' briefs and arguments on Plaintiffs' Motion on the Issue of Allocation. The Court denies Indian Head's Cross-MOTION on the Issue of Allocation for the reasons set forth in the Court's January 15, 2010 Order regarding Plaintiffs' Motion for Partial Summary Judgment on the Issue of Allocation.

**V. CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that the Motion to Modify Order Granting Plaintiffs' Motion to Stay **(Doc. No. 76)** is MOOT.

IT IS FURTHER ORDERED that the Motion for Order Revising or Rescinding the Court's Opinion and Order Granting Plaintiff's Motion for Partial Summary Judgment on the Issue of Allocation **(Doc. No. 92)** is DENIED.

IT IS FURTHER ORDERED that the Motion to Strike Motion for Order Revising or Rescinding the Court's Opinion and Order Granting Plaintiff's Motion for Partial Summary Judgment on the Issue of Allocation **(Doc. No. 99)** is MOOT.

IT IS FURTHER ORDERED that the Cross Motion for Partial Summary Judgment on the Issue of Allocation **(Doc. No. 47)** is DENIED.

S/Denise Page Hood

                                    Denise Page Hood
                                    United States District Judge

Dated: March 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2012, by electronic and/or ordinary mail.

                                    S/LaShawn R. Saulsberry
                                    Case Manager