## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CONTINENTAL CASUALTY COMPANY, et al.,

      Plaintiffs/Counter-Defendants,

v.                                                      Case No. 2:05-CV-73918

INDIAN HEAD INDUSTRIES, INC.,                  Hon. Denise Page Hood

      Defendant/Counter-Plaintiff.
_____/

## ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT

## I.     BACKGROUND/FACTS

This matter is before the Court on the parties' cross-motions for summary judgment. Briefs have been filed and a hearing held on the matter.

Indian Head Industries, with its principal place of business in Charlotte, North Carolina, first came into existence in 1984. (Counterclaim, ¶ 2) Indian Head Industries entered into an agreement with Thyssen-Bornemisza, Inc., by which Indian Head Industries purchased virtually all of the assets and properties of Thyssen-Bornemisza's Detroit Gasket Division, including the trade name "Detroit Gasket." (First Am. Comp., ¶ 13) From 1984 until 1989, Indian Head Industries owned and operated Detroit Gasket which made and sold asbestos containing gaskets for automotive use. (Counterclaim, ¶ 2)

In April 1984, Continental Casualty Company ("Continental Casualty") issued a policy of primary liability insurance, GLP 062339817, to Indian Head Industries with effective dates of April 8, 1984 through April 8, 1985. The policy was renewed annually through April 8, 1989. (First Am. Comp., ¶ 15; Counterclaim, ¶ 9) Columbia Casualty Company ("Columbia")[1] issued umbrella liability policies to Indian Head between 1984 and 1989. (First Am. Comp., ¶ 22) The umbrella policies issued by Columbia in effect for the 1985 through 1989 policy periods attached an "Asbestos Exclusion Endorsement." (First Am. Comp., ¶ 24)

Indian Head Industries has been named as a defendant in underlying lawsuits involving more than 50,000 plaintiffs alleging various claims, including bodily injury, sickness or disease as a result of exposure to asbestos in products manufactured and sold by Indian Head Industries and/or manufactured and sold by an alleged predecessor company. (First Am. Comp., ¶¶ 27-28; Counterclaim, ¶ 7) The underlying suits allege exposure to asbestos from products manufactured by various companies, including "Detroit Gasket," "Detroit Gasket & Mfg. Co.," and/or "Detroit Gasket & Manufacturing Company." (First Am. Comp., ¶ 29) The underlying suits allege that Indian Head Industries is liable as "successor in interest" or "equitable

---

[1] Continental Casualty and Columbia Casualty are referred to together as "Continental" in this Order.

2

trustee" of these entities.  (First Am. Comp., ¶ 30)

Continental Casualty defended Indian Head Industries against the underlying suits from 1986 until 2004.  (Counterclaim, ¶ 11)  Indian Head Industries asserts that in 1994, thousands of underlying suits were tendered by Indian Head Industries to Continental Casualty for defense and indemnity.  At that time, Continental Casualty did not reserve any of its rights and did not set forth any limitation upon its obligation to provide "all sums" defense and indemnity coverage.  (Counterclaim, ¶ 15)

Indian Head Industries claims that in about 2004 Continental Casualty "switched" its interpretation of the policies after almost 20 years of providing full, "all sums" defense and indemnity.  Only since the "switch" in interpretation in about 2004 has Continental Casualty claimed duties less than full, "all sums" defense and indemnification.  (Counterclaim, ¶ 16) Beginning in 2004, Indian Head Industries asserts that Continental Casualty "tardily" issued several "reservation of rights letters" purporting to dispute coverage and defense obligations under the policies. (Counterclaim, ¶ 17)  Indian Head argues that Continental Casualty's "switch" in interpretation is at odds with, and irreconcilable with, its past conduct. (Counterclaim, ¶ 20)

The First Amended Complaint filed by Continental Casualty and Columbia alleges:  Declaratory Relief Missing Policies (Count 1); Declaratory Relief Asbestos

3

Exclusions (Count II); Declaratory Relief Exclusion for Liability Assumed by Contract (Count III); Declaratory Relief No Coverage for Injuries Occurring Outside of Policy Periods (Count IV); Declaratory Relief Allocation of Defense Costs (Count V); Declaratory Relief Allocation of Damages (Count VI); and, Declaratory Relief Contribution (Count VII). Continental Casualty seeks contribution from Indian Head Industries toward Continental Casualty's expenditures since October 12, 2005, in excess of its obligations. (First Am. Comp., p. 15)

The "Prayer for Relief" set forth in Indian Head Industries' Counterclaim seeks a declaration that: Continental Casualty is obligated to defend and indemnify Indian Head Industries for all sums incurred in defense of all the underlying suits; that Continental Casualty is not permitted to prorate coverage for defense or indemnity; that the policies are triggered for full, all sums defense and indemnification of the underlying suits without proration or limitation because they allege and seek to provide that bodily injury occurred during the policy period; that Exclusion "a" of the policies is inapplicable; that Continental Casualty waived any right to or is estopped from contesting the coverage for defense and indemnity or seeking proration or limitation of such coverage; and, that Indian Head Industries is free of any obligation to contribute any money to Continental Casualty to share in the cost of defense and/or indemnity and free of any obligation to reimburse Continental Casualty for any

4

amount so far expended in defense and indemnity. (Counterclaim, "Prayer for Relief")

On January 15, 2010, the Court issued its order on the Issue of Allocation motion filed by Continental. (Doc. No. 87) The Court noted that the pro rata "time on the risk" allocation method is used when the underlying suits are resolved either by settlement or a finding of liability. The "injury in fact" trigger method is used to determine at what point in time coverage is applicable, which is determined before the allocation issue arises. The "injury in fact" trigger analysis is not limited by the allocation determination. The allocation determination is made at the time the underlying suits are resolved by way of settlement or a finding of liability. The Court found that Continental must pay "all sums" damages of bodily injury occurring during the policy period caused by an occurrence, in this case, continuous or repeated exposure to asbestos.

In its April 12, 2012 Order, the Court found that pursuant to the parties' agreement, the injury in fact determines when coverage is triggered as to the policies at issue. (Doc. No. 87) The Court also found that Exclusion "a" excluded liability assumed by Indian Head in the 1984 agreement with Thyssen-Bornemisza. The Court further found that Continental did not waive or was not estopped from asserting its reservations of rights for new claims submitted as of October 12, 2005. Although the

5

Court declined to issue a broad opinion as to Continental's duty to defend the underlying suits without Continental examining each of the complaints filed, the Court noted that an insurer has a duty to provide a defense when the allegations even arguably come within the policy coverage.

The parties have entered into a stipulation to provide a mechanism for the Court to apply its prior rulings to the underlying claims.  (Doc. No. 126-2) The Joint Stipulation provides that Indian Head is not seeking coverage on certain policies issued by Continental and Columbia where the policies contained asbestos exclusions.

The parties move the Court to apply its previous rulings to the 1,121 cases filed since October 12, 2005.  The Joint Stipulation placed similarly situated plaintiffs in groups, termed "Buckets."   Bucket 1 includes cases where the plaintiffs allege exposure predating January 31, 1984.  Bucket 2 includes complaints where the alleged exposure commenced before and ending after January 31, 1984.  Bucket 3 includes complaints that do not include exposure dates, but discovery brochures or initial data forms include dates.  Bucket 4 includes 16 cases where the parties have not come to an agreement, although Continental believes that based on the specific exposure dates in the complaints, the Bucket 4 cases are same as the Bucket 2 cases.  The parties have stipulated to the amount of defense and indemnity expenses incurred through December 31, 2012 as to each of the underlying action filed between October 12,

2005 and December 31, 2012. (Doc. No. 126-2) The parties have also attached a Joint Spreadsheet identifying relevant information for each underlying action. The parties seek a ruling on the allocation applicable by reviewing the specific claims in each of the Buckets and then applying that ruling to the other claims in that Bucket. (Doc. No. 126-8)

## II.   ANALYSIS

### A.   Summary Judgment Standard

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S.

7

317, 323-24 (1986).  Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  *Celotex Corp.*, 477 U.S. at 322-23.  A court must look to the substantive law to identify which facts are material.  *Anderson*, 477 U.S. at 248.

## B.    Policies Containing Asbestos Exclusions

Pursuant to the Joint Stipulation, Indian Head is not seeking coverage under policies which contain an asbestos exclusion.  (Doc. No. 126-2, ¶¶ 13-15) Indian Head's claim seeking coverage under the policies set forth in the Joint Stipulation in ¶¶ 13-15 and as follows, are dismissed:

> 1) Continental general liability policies for policy periods beginning on or after April 8, 1987;
> 2) Columbia commercial umbrella liability policies: a) UMB 6891571 (April 8, 1985 to April 8, 1986); b) UMB 6891850 (April 8, 1986 to April 8, 1987); c) UMB 1796546 (April 8, 1987 to April 8, 1988); and d) UMB 1796588 (April 8, 1988 to April 9, 1989); and,
> 3) Columbia commercial umbrella liability policy No. RDX 9176396 (April 8, 1984 to April 8, 1985).

## C.    Bucket 1: Cases Alleging Exposure Prior to January 1, 1984

Bucket 1 contains 217 underlying actions where the plaintiffs allege their entire

8

period of exposure to asbestos predates January 1, 1984.  Continental seeks summary judgment that it has no duty to defend the actions in Bucket 1.  Indian Head argues that this Court's April 12, 2012 Order did not rule that Continental was not obligated to defend the actions against Indian Head based on Exclusion (a).

As this Court noted in its April 12, 2012 Order, an insurance company's duty to provide a defense to its insured is contingent on whether the conduct falls within the scope of the policy.   (Doc. No. 114, Pg ID 1576 (citing, *Citizens Ins. Co. v. Pro-Seal Serv. Group, Inc.*, 477 Mich. 75, 84 (2007)).  If "the potential for indemnification does not exist at the outset of litigation, the duty to defend never arises." *Aetna Cas. & Sur. Co. v. Dow Chemical Co.,* 44 F. Supp. 2d 847, 853 (E.D. Mich. 1997) (citing, *Protective Nat. Ins. Co. of Omaha v. Woodhaven*, 438 Mich. 154 (1991).  The Court has ruled that Exclusion (a) in the 1984-87 policies excludes coverage for liabilities from products sold before 1984 which Indian Head had assumed in the 1984 Agreement.  (Doc. No. 114, Pg ID 1570-73) The Court will not consider Indian Head's argument to the contrary, finding that Indian Head's argument seeks reconsideration of the Court's April 12, 2012 Order.

Based on the Court's previous ruling, the Court finds there are no genuine issues of material fact that any underlying action which alleges exposure to asbestos occurring entirely prior to January 31, 1984 are expressly excluded by Exclusion (a)

in the 1984-87 policies issued by Continental.  Since Continental has no duty to indemnify these claims, Continental also has no duty to defend these actions. Continental is not liable to Indian Head to indemnify or to defend the actions contained in Bucket 1 as set forth in the Joint Stipulation and Joint Spreadsheet.  The Court further finds that Continental has no duty to indemnify or to defend any actions filed after the December 31, 2012 cut off stipulated to by the parties, where the alleged exposure to asbestos occurred entirely prior to January 31, 1984 as they are expressly excluded by Exclusion (a) in the 1984-87 policies issued by Continental.

Because Continental has no duty to indemnify or to defend the cases in Bucket 1 and any cases filed after December 31, 2012 as noted above, Continental is entitled to a reimbursement of the $354,799.70 it has paid to defend the cases in Bucket 1 as set forth in Milinde Parekh's Declaration and attached Continental's Bucket 1 spreadsheet in Exhibit 13.  (Doc. Nos. 129, 140)

## D.    Bucket 2: Cases Alleging Exposure Starting Before and Ending After January 31, 1984

Bucket 2 cases include 233 underlying actions where the plaintiffs allege that their period of exposure to asbestos occurred before January 31, 1984 and continued after January 31, 1984.  Continental admits that based on the allegations in the underlying complaints and the Court's prior rulings, Continental arguably has a duty to defend these actions, because it provided 36 months of coverage during this period.

10

Continental asserts that pursuant to the Court's January 15, 2010 Order regarding Continental's obligation to pay only its pro rata time on the risk share of the defense costs, it is entitled to reimbursement of the defense costs it has already paid in the underlying actions. Indian Head argues generally that allocation should not be applied to any indemnity or defense costs.

As this Court ruled in its January 25, 2010 Order as to allocation of the costs, the pro rata time-on-the-risk method must be applied. (Doc. No. 87, Pg ID 1280) Indian Head's general arguments regarding allocation seeks reconsideration of the January 25, 2010 Order. The Court finds that there are no genuine issues of material fact that the pro rata time-on-the-risk method must be applied to the Bucket 2 cases. The calculation explained by Continental in its brief is reasonable. As to each plaintiff, the number of months (36) of coverage by Continental is divided by the total months of alleged bodily injury alleged by the specific plaintiff, which results in a number establishing Continental's pro rata share of costs and fees. The total amount of defense costs was stipulated to by the parties, and in Bucket 2, this amounts to $673,389.41, which Continental has already paid. Applying the calculation noted above, Continental is entitled to $629,205.42 in reimbursement from Indian Head as more fully set forth in Milinde Parekh's Declaration and attached Bucket 2 Spreadsheet in Exhibit 15 . (Doc. Nos. 129, 141).

The Court further finds that the same method and calculation must be applied to determine pro rata time-on-the-risk Continental is obligated to indemnify or defend to actions filed after December 31, 2012 cut off stipulated to by the parties where a plaintiff alleges exposure to asbestos before and after January 31, 1984.

As stipulated to by the parties, an additional $50,000 was paid to settle the Patrick Scott case by Continental.  (Doc. No. 126-2, Pg ID 1650, ¶ 9) Continental seeks reimbursement from Indian Head based on the same method and calculation noted above, which results in $39,135.17 in reimbursement to Continental.  (Doc. Nos. 129, 141) Based on the Court's allocation ruling, the Court finds that Continental is entitled to an additional reimbursement for the Scott case in the amount of $39,135.17.

### E.    Bucket 3: No Dates of Exposure Alleged in Complaint

Bucket 3 includes 655 underlying actions which allege no dates of exposure in the complaints.  However, nearly 600 plaintiffs have since provided dates of exposure through a Discovery Brochure, Initial Data Form ("IDF"), or other discovery or testimony.  Indian Head is not willing to stipulate to the dates of exposure alleged in the Brochures, IDFs or other discovery.  Indian Head argues that Continental's reliance on the Brochures, IDFs and other discovery should not be allowed to determine exposure dates where no such allegations were made in the complaints.

In order to resolve these claims, Continental agrees to pay the highest percentage for which it could be conceivably be responsible, which is a pro rata share based on 36 months of coverage. Continental also agrees not to decrease its share of defense cost based on the information provided in the Brochure or IDF where it would establish the defense cost share would decrease or not be covered at all because the exposure dates were not alleged in the underlying complaints.

In light of Continental's agreement to pay the maximum amount it is liable under the Bucket 3 cases, and because Indian Head has not created a genuine issue of material fact as to the exposure dates provided by the Bucket 3 plaintiffs in the Brochures, IDFs or other discovery, Continental is entitled to summary judgment in these cases. However, this ruling does not affect Indian Head's argument before the underlying trial courts as to the actual dates of exposure. This ruling is only applicable to Continental's coverage action before this Court.

Continental has shown through Milinde Parekh's Declaration and attached Bucket 3 Spreadsheet in Exhibit 18, the total defense fees for the claims in Bucket 3 is $1,190,207.30, which Continental has paid. (Doc. Nos. 129, 142) Using the same method and calculations set forth in the Bucket 2 claims, the maximum pro rata share Continental is entitled to as reimbursement from Indian Head is $1,038,459.40. (Doc. Nos. 129, 142) The Court also finds that the same method and calculations should be

used for Bucket 3-type cases filed after December 31, 2012 where no dates of exposure are alleged in the complaint, but dates are later alleged in Brochures, IDFs or other discovery-type information to determine Continental's liability to Indian Head.  If at the time the exposure dates are alleged and Continental's maximum liability is determined, Continental may so move before the underlying trial court to either withdraw from the case or to only pay its pro rata share of the defense and indemnity as set forth in this Order.

**F.     Bucket 4: Cases Where the Parties Cannot Agree Upon**

Bucket 4 includes 16 cases where the parties could not agree whether the complaints fall under Buckets 1, 2 or 3.  The complaints, however, allege exposure dates predating and postdating January 31, 1984.  Continental argues these cases should be placed in Bucket 2.  Indian Head does not stipulate to this designation because the complaints also contain language that the exposures "include but are not limited to" the dates alleged.

For purposes of the instant coverage action before the Court, whether Continental is liable to cover and defend these 16 cases in Bucket 4, the Court finds there are no genuine issues of material fact that these cases are Bucket 2-type cases. The exposure dates alleged in the underlying complaints predate and postdate January 31, 1984.  The Court has no opinion as to whether there may be earlier first dates or

14

later last dates of exposure which may affect Indian Head's liability in the underlying cases.

Continental has paid the $389,740.61 incurred in defending the Bucket 4 cases. Applying the same method and calculations used in the Bucket 2 cases noted above, Continental is entitled to reimbursement of $364,175.15 from Indian Head as shown in Milinde Parekh's Declaration and attached Bucket 4 Spreadsheet in Exhibit 20. (Doc. Nos. 129, 143).  The Court further finds that in cases filed after December 31, 2012 where the exposure dates are alleged as Bucket 2-type cases, the same method and calculations must be used as set forth in Bucket 2-type cases noted above.

## III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Indian Head's Motion for Summary Judgment (Doc. No. 126, 7/26/13) is DENIED.  Indian Head's Counterclaim is DISMISSED.

IT IS FURTHER ORDERED that Continental Casualty/Columbia Casualty's Motions for Summary Judgment (Doc. Nos. 127 & 128, 7/26/13) are GRANTED.

IT IS FURTHER ORDERED that Continental Casualty/Columbia Casualty is entitled to reimbursement from Indian Head as follows:

| | |
|---|---|
| Bucket 1 cases: | $   354,799.70 |
| Bucket 2 cases: | $   629,205.42 |
| Bucket 2 (Scott): | $     39,135.17 |
| Bucket 3 cases: | $1,038,459.40 |

15

Bucket 4 cases:     $   364,175.15
                    _____

Total:              $2,425,774.84


                    S/Denise Page Hood_____
                    Denise Page Hood
                    United States District Judge

Dated:  September 30, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of
record on September 30, 2015, by electronic and/or ordinary mail.

                    S/LaShawn R. Saulsberry_____
                    Case Manager

16