UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, *et al.*, <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> INDIAN HEAD INDUSTRIES, INC., <br><br> Defendant/Counter-Plaintiff. | Case No. 2:05-cv-73918 <br><br> Hon. Denise Page Hood |

**CONTINENTAL'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR APPROVAL TO DEPOSIT CASH IN LIEU OF A SUPERSEDEAS BOND**

Plaintiff Continental Casualty Company ("Continental") files this response in opposition to Defendant Indian Head Industries, Inc.'s *Motion to Approve Depositing $2,442,298.15 into Court Under Rule 67 F.R.Civ.P to Serve As A Supersedeas Bond and for Stay of Enforcement of the Judgment Under Rule 62 F.R.Civ.P.* [Dkt. 193]. For the reasons set forth more fully in Continental's Brief in Support of this Response, Continental asks that this Court deny Defendant's Motion.

Dated:  December 7, 2015

Respectfully submitted,

TROUTMAN SANDERS LLP

By:   /s/ Rebecca L. Ross
Rebecca L. Ross
**TROUTMAN SANDERS LLP**
55 W. Monroe St., Ste. 3000
Chicago, IL  60603
(312) 759-1920
Email:  becky.ross@troutmansanders.com

Ralph C. Chapa (P40612)
**KAUFMAN PAYTON & CHAPA**
30833 Northwestern Hwy, Suite 200
Farmington Hills, MI  48334
(248) 626-5000
Email:  rcchapa@kaufmanlaw.com

*Attorneys for Plaintiffs/Counter-Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, *et al.*, | |
| Plaintiffs/Counter-Defendants, | Case No. 2:05-cv-73918 |
| v. | Hon. Denise Page Hood |
| INDIAN HEAD INDUSTRIES, INC., | |
| Defendant/Counter-Plaintiff. | |

**BRIEF IN SUPPORT OF CONTINENTAL'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR APPROVAL TO DEPOSIT CASH IN LIEU OF A SUPERSEDEAS BOND**

## STATEMENT OF THE ISSUE

Whether Defendant has met its burden of showing that it is entitled to make a cash deposit into the Court in the amount of $2,442,298.15 in lieu of providing a supersedeas bond.

# **CONTROLLING AUTHORITY FOR THE RELIEF SOUGHT**

The controlling authority as to the relief sought in Defendant's Motion is governed by Federal Rules of Civil Procedure 62 and 67. Rule 62 governs the stay of proceedings to enforce a judgment. Specifically, subsection (d) provides as follows:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

FED. R. CIV. P. 62(d). Rule 67(a) governs the deposit of funds with the Court, and provides that:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

FED. R. CIV. P. 67(a).

# **TABLE OF CONTENTS**

Page(s)

STATEMENT OF THE ISSUE ................................................................................i

CONTROLLING AUTHORITY FOR THE RELIEF SOUGHT ........................... ii

TABLE OF AUTHORITIES ..................................................................................iv

INTRODUCTION ....................................................................................................1

FACTUAL BACKGROUND ...................................................................................2

ARGUMENT ............................................................................................................3

I.   IHI HAS NOT DEMONSTRATED THAT IT IS ENTITLED TO A SUBSTITUTION OF THE SUPERSEDEAS BOND REQUIREMENT .......4

II.  CONTINENTAL MAY SUFFER PREJUDICE IF IHI IS PERMITTED TO DEPOSIT CASH WITH THE COURT IN LIEU OF A SUPERSEDEAS BOND ..........................................................................................................6

CONCLUSION .........................................................................................................7

CERTIFICATE OF SERVICE .................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*BASF Corp. v. Old World Trading Co.*,
  979 F.2d 615 (7th Cir. 1992) ...............................................................................3

*Hamlin v. Charter Twp. of Flint*,
  181 F.R.D. 348 (E.D. Mich. 1998) ......................................................................6

*Kreissl v. Mannington Mills, Inc.*,
  No. 82-74261, 1987 U.S. Dist. LEXIS 15743 (E.D. Mich. May 6, 1987)...........4

*Lexon Ins. Co. v. Naser*,
  No. 12-cv-13218, 2014 U.S. Dist. LEXIS 170671 (E.D. Mich. Dec. 10, 2014) ................................................................................................................5, 6

*Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart*,
  600 F.2d 1189 (5th Cir. 1979) .............................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 62 ...............................................................................................3, 4, 7

Local Rule 5.1.1 .......................................................................................................9

10-7067 Collier on Bankruptcy P 7067.02 ..............................................................7

# **INTRODUCTION**

This case concerns insurance coverage for more than one thousand asbestos bodily injury lawsuits that have been filed against Indian Head Industries, Inc. ("IHI") since October 12, 2005.  IHI is an insured under three single-year policies issued by Continental Casualty Company ("Continental"), each bearing policy number GLP 062339817 and collectively providing coverage from April 8, 1984 to April 8, 1987.

On September 30, 2015, this Court granted Continental's Motion for Summary Judgment and entered judgment against IHI in the amount of $2,425,774.84.  IHI appealed this decision to the United States Court of Appeals for the Sixth Circuit.  IHI wants to stay enforcement of the judgment but does not want to post a supersedeas bond; instead, it seeks to deposit $2,442,298.15 into the Court.

This Court has outlined the circumstances in which the posting of a formal supersedeas bond can be relaxed, and IHI has made no showing that it is entitled to sidestep this requirement to stay enforcement of the judgment. Therefore, this Court should deny IHI's Motion and require it to post a properly secured supersedeas bond.

## FACTUAL BACKGROUND

Continental and Columbia Casualty Company (collectively, the "CNA Parties") initiated this action against IHI on October 12, 2005. Over the past ten years, all of the issues raised by the Complaint have been resolved, including but not limited to the following:

- An injury-in-fact trigger will apply here. Dkt. No. 114.

- Defense and indemnity must be allocated based on a pro rata time-on-the-risk allocation. Dkt. Nos. 87, 113.

- The CNA Parties are not responsible for liabilities IHI assumed in a 1984 agreement with Thyssen-Bornemisza. Dkt. No. 114.

- The CNA Parties did not waive their rights and are not estopped from raising coverage defenses for the Underlying Actions filed after October 12, 2005. *Id.*

Resolving each of these issues required Continental to incur substantial costs in time and money.

After the Court issued its rulings, Continental brought a motion for summary judgment against IHI to recover defense and indemnity paid by Continental prior to January 1, 2013 in excess of Continental's share. *Id.* On September 30, 2015, this Court granted Continental's motion for summary judgment and entered judgment against IHI in the amount of $2,425,774.84. IHI has appealed the decision to the Sixth Circuit. Dkt. No. 187.

IHI wants to stay enforcement of the judgment but does not want to post the traditional supersedeas bond.  Instead, IHI has proposed depositing cash with the Court.  Continental is unsure of IHI's financial health, its ability to ultimately satisfy the judgment, and whether it is a bankruptcy risk.  IHI contends that it is financially sound and that Continental's judgment is secure, but it has offered no proof of its financial strength.

## **ARGUMENT**

A judgment entitles the prevailing party to "immediate payment" of the judgment amount.  *BASF Corp. v. Old World Trading Co.*, 979 F.2d 615, 616 (7th Cir. 1992).  Filing an appeal does not change this.  *Id.*  Instead, it merely provides the appellant with an "opportunity to obtain a stay by posting a supersedeas bond."  *Id.* (citing Fed. R. Civ. P. 62(d)).

The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal.  *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart*, 600 F.2d 1189, 1190-91 (5th Cir. 1979).[1]  Therefore, Rule 62(d) establishes not only the appellant's right to a stay, but also the appellees' right to have a bond posted.  *Id.*  Because of Rule 62(d)'s dual protective role, a supersedeas bond should almost always be required.  *Id.*  "If a

---

[1] IHI incorrectly cites *Poplar Grove* as being a decision from the United States Court of Appeals for the Sixth Circuit.  This case was actually decided by the Fifth Circuit.

court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." *Id.* at 1191.

A court has discretion to permit a substitute form of security in lieu of a supersedeas bond. *Kreissl v. Mannington Mills, Inc.*, No. 82-74261, 1987 U.S. Dist. LEXIS 15743, at *3-4 (E.D. Mich. May 6, 1987). For example, a court may allow an appropriate substitute security *if* a judgment debtor objectively shows a present and continuing financial ability to satisfy the judgment. *Id.* at 4. As a prerequisite though, the judgment debtor must demonstrate that the "judgment creditor is not being required to bear any risk pending appeal." *Id.* at 4.

Here, IHI is proposing an alternative to a supersedeas bond and has not carried its burden of demonstrating that Continental is not bearing any risk pending appeal. In fact, allowing IHI to deposit cash with the Court in lieu of a supersedeas bond places significant risk on Continental. This Court should therefore deny IHI's Motion and require that IHI post a supersedeas bond in order to stay execution of the judgment.

I.  **IHI HAS NOT DEMONSTRATED THAT IT IS ENTITLED TO A SUBSTITUTION OF THE SUPERSEDEAS BOND REQUIREMENT**

Defendant contends that a cash deposit into court can serve as a supersedeas bond. However, a cash deposit into court is not a secured supersedeas bond; it is

{K0226331.1}  4

an alternate form of security that is sometimes permitted when the appellant meets certain criteria – criteria that IHI has not satisfied here. *See Lexon Ins. Co. v. Naser*, No. 12-cv-13218, 2014 U.S. Dist. LEXIS 170671, at *2-3 (E.D. Mich. Dec. 10, 2014). In *Naser*, like the case at hand, this Court entered a judgment against a defendant, who then filed a motion to stay execution of the judgment by depositing cash with the court in lieu of a supersedeas bond. *Id*. at *1-2. This Court first recognized that the cash deposit represented a departure from the usual requirement of a full security supersedeas bond. *Id*. at 2-3. The Court explained that the movant bears the burden of demonstrating the reasons for such a departure, and that the judgment creditor has no obligation to introduce evidence to the contrary. *Id*.

This Court then outlined two requirements that a moving party must satisfy in order for the Court to allow a departure from the traditional supersedeas bond. *First,* the judgment debtor must demonstrate not merely that it is capable of satisfying the judgment but, rather, that its ability to do so is so "obvious" that requiring a bond would be a waste of money. *Id.* at 3-6. *Second*, the judgment debtor must provide a "financially secure plan for maintaining the same level of solvency." *Id*. at 4. The Court applied these two requirements to the judgment debtors' motion for depositing cash in lieu of a supersedeas bond and denied the motion. *Id.* at 6 ("Defendant has not provided the Court with such a financial plan.

As a result, the Court declines to exercise its discretionary power to modify the statutory requirement.").

*Naser* is directly on point. IHI has not even attempted to meet the *Naser* requirements by presenting a secure financial plan to remain solvent. Accordingly, the Court should deny IHI's Motion.

## II. CONTINENTAL MAY SUFFER PREJUDICE IF IHI IS PERMITTED TO DEPOSIT CASH WITH THE COURT IN LIEU OF A SUPERSEDEAS BOND

As this Court articulated in *Hamlin*, an appellant seeking a substitution for a supersedeas bond is obligated to prove that it will protect the non-appealing party from the risk of a later uncollectible judgment. *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 353 (E.D. Mich. 1998). The non-moving party's ability to enforce the judgment in the event of the debtor's insolvency was also a key concern acknowledged by this Court in *Naser*. 2014 U.S. Dist. LEXIS at *3. This is because simply depositing cash with the Court may not provide the same level of security that a supersedeas bond would. One leading treatise theorized that an appellant that files for bankruptcy may be entitled to recover money that has been deposited with the Court in lieu of a supersedeas bond:

> After the 1983 amendment of Civil Rule 67, a party may deposit the money or thing "whether or not that party claims all or any part of the sum or thing." Since a litigant may now make a deposit into court even when the litigant still claims an interest in all or part of it, <u>it would appear that if the depositor made such a claim and later become a debtor under the Bankruptcy Code, the deposited property would</u>

{K0226331.1}                                              6

> still be property of the estate under section 541, if the court in which the deposit had been made had not made a contrary determination with respect to the debtor's interest prior to the order for relief.

10-7067 Collier on Bankruptcy P 7067.02 (emphasis added).

Were IHI to become insolvent, a cash deposit may provide less security to Continental than a supersedeas bond. Thus, a cash deposit does not serve to protect Continental's rights to the judgment as Rule 62(d) intends, and permitting IHI to deposit cash with the Court in lieu of a secured supersedeas bond could expose Continental to undue risk. As such, this Court should deny IHI's Motion.

## **CONCLUSION**

For the foregoing reasons, Continental respectfully requests that this Court deny IHI's motion to deposit cash into the Court in lieu of a supersedeas bond.

Dated:  December 7, 2015         Respectfully submitted,

                                          TROUTMAN SANDERS LLP

                                          By:   /s/ Rebecca L. Ross
                                          Rebecca L. Ross
                                          **TROUTMAN SANDERS LLP**
                                          55 W. Monroe St., Ste. 3000
                                          Chicago, IL  60603
                                          (312) 759-1920
                                          Email:  becky.ross@troutmansanders.com

                                          Ralph C. Chapa (P40612)
                                          **KAUFMAN PAYTON & CHAPA**
                                          30833 Northwestern Hwy, Suite 200
                                          Farmington Hills, MI  48334
                                          (248) 626-5000
                                          Email: rcchapa@kaufmanlaw.com

                                          *Attorneys for Plaintiffs/Counter-Defendants*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing *Continental's Response in Opposition to Defendant's Motion for Approval to Deposit Cash in Lieu of a Supersedeas Bond* and supporting materials were filed electronically with the Court on December 7, 2015. Notice of this filing was sent to all parties by operation of the Court's electronic filing system.

Pursuant to Local Rule 5.1.1 and the Court's Practice Guidelines regarding courtesy copies, a paper copy of the Response along with a printed copy of the Notice of Electronic Filing attached to the front of the Response were sent via first class U.S. Mail, postage prepaid, to the Honorable Judge Denise Page Hood's chambers on the same day that the Response was filed.

        Respectfully submitted,

         /s/ Ralph C. Chapa
        Ralph C. Chapa (P40612)