IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTINENTAL CASUALTY COMPANY

    Plaintiffs,

        v.

INDIAN HEAD INDUSTRIES, INC.,

    Defendant.

Case No.: 2:05CV73918

Hon. Denise Page Hood

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO APPROVE A BOND AND STAY ENFORCEMENT OF THE JUDGMENT**

This court clearly has the discretion to approve a form of guaranty of judgment responsibility that does not involve purchasing a bond from a surety company.

> If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual *supersedeas* bond. *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir., 1979).

Offering to deposit *CASH* in an amount greater than the judgment for 2 years to be returned only to the extent the judgment is not affirmed is a patently objective demonstration of financial ability to satisfy the judgment, as a matter of law. With *cash* being deposited, it is an impossibility that the judgment won't be satisfied if it

is affirmed on appeal, and the continued solvency of Indian Head or any other company during the pendency of the appeal is irrelevant. Having a *cash* fund available to satisfy the judgment is superior security for any judgment creditor who otherwise must rely on the creditworthiness of a commercial surety company.

Rule 62 regarding appeal bonds does not require that the bond be purchased from a commercial entity. All that is required is that the judgment debtor forego the use of the bond money during the appeal period, which is exactly what the proposed deposit in court accomplishes. See *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E. D. Mich, 1998), quoted from below:

> When considering a motion brought pursuant to Rule 62, the Court is mindful of the rationale underlying the rule itself. The framework of Rule 62(d) represents a balancing of both parties' interests, in that it preserves the status quo while also protecting the appellee's rights. *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1190 (5th Cir.1979). Rule 62(d) permits an appellant to obtain a stay "to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal." *Poplar Grove,* 600 F.2d at 1191. However, to preserve this right, the appellant must forego the use of the bond money during the appeal period. *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E. D. Mich, 1998)

Continental's arguments that Indian Head must demonstrate not only a capability of satisfying the judgment but also show its ability to do so is obvious and/or "provide a financially secure plan for maintaining solvency" are based on

case law involving situations where no bonding was offered in search of a stay or where the bonding offered was less than the amount of the judgment. Here, *cash* is offered in an amount greater than the judgment. That's more than demonstrating a capability - that's fulfilling the capability. A deposit as proposed makes it obvious that the judgment would be satisfied, and because the full amount of the judgment and more would already be on deposit there is no need to provide any "financially secure plan for maintaining solvency". Solvency isn't an issue.

The unpublished decision of Judge Drain in *Lexon v Naser*, 12-cv-13218, E. D. Mich. 2014 is wrongly decided with respect the need to provide a secure financial plan to remain solvent if the cash to be deposited was sufficient to satisfy the judgment at the conclusion of the appeal. Such a demonstration is a waste of time and money because once deposited the funds are outside the reach of the depositor and its creditors and are available to fully satisfy the judgment if the appeal is not successful. Judge Drain's decision relied very heavily on *Hamlin v. Charter Twp. of Flint*, *supra.* But *Hamlin* was a case where the judgment debtor offered no security for the judgment at all, and slavish adherence to *Hamlin's* multiple criteria was inappropriate if the security posted was fully protective of the judgment creditor's right to collect. Had Judge Drain decided the issue he chose not to decide, whether a cash deposit is less superior than a supersedeas bond – it's not, he probably would not have erred as he did.

Continental is incorrect that the deposited funds would be part of Indian Head's "bankruptcy estate" and subject to clawback to the estate should Indian Head go bankrupt after the deposit is made. Continental cites a treatise for its position but the treatise cites no authority for its statement, because there is no such authority. In fact, there is much authority to the contrary.

Once deposited the only interest the depositor retains in the funds is a conditional reversionary interest. Such a reversionary interest would be property of a bankruptcy estate should a depositor subsequently go bankrupt, but the funds themselves would be unaffected for their already dedicated purpose. *In Re Keane Corp.,* 162 B.R. 935, 942-943 (S. D. NY, 1994), and *In Re All Chemical Isotope Enrichment, Inc.,* 127 B.R. 829, 836 - 838 (E. D. Tenn, 1991). The *Keane* case is particularly instructive.

In *Keane*, Keene delivered funds to a depository bank to secure payment of a final judgment. The deposit was specifically intended to be a substitute for a supersedeas bond arrangement. Keene delivered the funds to the bank upon the condition that they would be paid to the judgment creditor to the extent his or her judgment became final, and would be paid to Keene if Keene prevailed on appeal. Upon delivery Keene relinquished control over the deposit except for certain limited purposes, such as investment decisions. Keane subsequently filed for bankruptcy.

The court determined that Keane's deposit of money to secure payment of a judgment pending appeal created an equitable interest in favor of the grantee and placed the funds beyond the reach of Keane's creditors, and that the funds were not property of the bankruptcy estate when a bankruptcy later ensued, citing to *In re O.P.M. Leasing Services, Inc.,* 46 B.R. 661, 666–67 (Bankr.S.D.N.Y.1985), and the many decisions referred to therein.  See also *In Re All Chemical Isotope Enrichment, Inc.,* 127 B.R. 829, 836 - 838 (E. D. Tenn, 1991) to the same effect.

## CONCLUSION

This court has discretion to approve a form of guaranty of judgment responsibility that does not involve purchasing a bond from a surety company.  What has been proposed for deposit obviously and fully guarantees collection on the judgment if the appeal is unsuccessful.  A cash deposit is superior in protection than a purchased bond.  Once posted, the proceeds are outside the reach of other creditors.

                                            Respectfully submitted,

                                            /s/ *James E. Wynne*
                                            James E. Wynne (P29557)
                                            Butzel Long
                                            150 West Jefferson, Suite 100
                                            Detroit, Michigan 48226
                                            (313) 225-7097
                                            wynne@butzel.com

CERTIFICATE OF SERVICE

I hereby certify that this brief was served on all counsel of record on December 14, 2015 through use of the CM/ECF system.

                        ___s/ James E. Wynne_____
                      By:  James E. Wynne (P29557)
                         *Attorneys for Defendant-Appellant*
                         **BUTZEL LONG**
                         150 West Jefferson, Suite 100
                         Detroit, MI 48226
                         (313) 225-7000
                         Email: wynne@butzel.com