UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTINENTAL CASUALTY COMPANY, et al.,

    Plaintiffs/Counter-Defendants,

v.                                                                                    Case No. 2:05-CV-73918

INDIAN HEAD INDUSTRIES, INC.,                               Hon. Denise Page Hood

    Defendant/Counter-Plaintiff.
_____/

## ORDER GRANTING MOTION TO DEPOSIT FUNDS INTO COURT

    This matter is before the Court on a Motion to Approve Depositing $2,442,298.15 (cash) into the Court in lieu of a supersedeas bond and for a stay of enforcement of the judgment under Rule 62 of the Rules of Civil Procedure filed by Defendant-Appellant Indian Head Industries, Inc. ("Indian Head").  Plaintiffs-Appellees Continental Casualty Company and Columbia Casualty Company (collectively, "Continental") oppose the motion.  Indian Head has filed a Notice of Appeal of the Court's September 30, 2015 Judgment in favor of Continental in the amount of $2,425,774.84.  (Doc. Nos. 185, 186, 187)

    "Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right."  *Arban v. West Pub. Corp.,* 345 F.3d 390, 409 (6th Cir. 2003) (citations omitted).  "[T]he Rule in no way necessarily implies that

filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion." *Id.* (citation omitted). The party seeking relief from Rule 62 must make "at least a showing that it has adequate resources to satisfy the bond." *Id.* "[A]n inflexible requirement of a bond would be inappropriate . . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Id.* (quoting *Olympia Equip. Leasing Co. v. Western Union Tel. Co.,* 786 F.2d 794, 796 (7th Cir. 1986)). The appeal bond is intended to preserve the status quo and is waived typically only under "exceptional circumstances." *Transportation Ins. Co. v. Citizens Ins. Co. of America,* 2013 WL 4604126 at *4 (E.D. Mich. Aug. 29, 2013). "Those circumstances tend to be when the appellant demonstrates a disproportionately high income in relation to the judgment or when the appellant has posted cash, accounts receivables, or other assets as security." *Id.* (citing *Arban,* 345 F.3d at 409 and *Olympia,* 786 F.2d at 796)).

     Here, Indian Head seeks to deposit cash into the Court in the amount of $2,442,298.15 in lieu of a supersedeas bond ($2,425,774.84 judgment, plus interest, $8,247.63 (1st year) and $8,275.68 (2nd year)). Continental does not object to the amount. However, Continental argues that the cash deposit into the Court does not serve to protect Continental's rights to the judgment if Indian Head files bankruptcy

since the cash deposit may be considered property of the estate under section 541 of the Bankruptcy Code, citing the treatise, *Collier on Bankruptcy*. (Doc. No. 194, Resp., Pg ID 3950-51) Indian Head replies that bankruptcy courts have determined that funds deposited to secure payment of a judgment pending appeal were not property of the bankruptcy estate, citing *In re O.P.M. Leasing, Services, Inc.*, 46 B.R. 661, 666-67 (Bankr. S.D.N.Y. 1985) and *In Re All Chemical Isotope Enrichment, Inc.*, 127 B.R. 829, 836-38 (E.D. Tenn. 1991). (Doc. No. 195, Reply, Pg ID 3958) Indian Head argues that the cash deposit is superior in protection than the bond.

Based on the amount of cash Indian Head seeks to deposit into the Court in lieu of the supersedeas bond, the Court finds Indian Head has met the "exceptional circumstances" standard to waive the supersedeas bond requirement under Rule 62(d). Indian Head's "ability to pay the judgment is so plain" in that it offers to deposit cash into the Court, such that the cost of a supersedeas bond "would be a waste of money." *Arban*, 345 F.3d 409. Continental's argument that the cash to be deposited with the Court could be considered property of a bankruptcy estate may be so, but that issue is not before the Court and is speculative since Indian Head has not indicated it is unable to pay the judgment because of its financial situation. To the contrary, Indian Head's offer to deposit the judgment amount plus interest into the Court shows Indian Head is able to pay the judgment.

3

Even if the Court were to deny Indian Head's motion to deposit the cash to the Court in lieu of a supersedeas bond, this does not guarantee that such bond secures Continental's judgment against Indian Head if Indian Head were to seek bankruptcy protection. Courts have found that an appellant/bankruptcy debtor who posts a supersedeas bond on appeal retains a reversionary interest in the supersedeas bond until such time the appeal is decided adversely to the appellant/bankruptcy debtor. *ThermoView Ind., Inc. v. Clemmens,* 2008 WL 906221 at *5 (W.D. Ky. Mar. 31, 2008). The transfer of the interest by the appellant/bankruptcy debtor in the supersedeas bond to an insurer may be challenged as a preference under 11 U.S.C. § 547(b). *Id.* As to transfer of fund to escrowed accounts, as cited by Indian Head, although a bankruptcy debtor may have a contingent right to the funds, the transfer of the escrowed funds was not a transfer of property of the debtor and the bankruptcy trustee cannot recover such as a preference. *In re O.P.M.,* 46 B.R at 668-69; *In re All Chemical,* 127 B.R. at 838. Courts in this district have defined "escrow" as "money . . . held in trust by a third party to be turned over to the grantee only upon fulfilment of a condition." *Phillip R. Seaver Title Co., Inc. v. Great Amer. Ins. Co.,* 2008 WL 4427582 at *2 (E.D. Mich. Sept. 30, 2008).

In finding that courts had discretion to grant or deny a supersedeas bond on appeal under Rule 62(d), the Sixth Circuit in *Arban, supra,* cited the Seventh Circuit

4

case, *Olympia, supra*. In *Olympia*, the Seventh Circuit upheld the district judge's denial of supersedeas bond on appeal because of the defendant/appellant's financial situation, noting,

> A judgment creditor is a bona fide creditor, but the court that issues the judgment is not required to ignore the interests of other creditors when deciding how much security to make the defendant post as a condition of being allowed to stave off execution of the judgment pending appeal. This becomes apparent when we consider the contingent nature of such a creditor's claim if an appeal is filed, as in this case. If the judgment is reversed, the claim is invalidated *ab initio*. Of course other creditors' claims may be contingent too; nevertheless it would be a painful irony for us to impair and perhaps even destroy the other creditors' claims merely to remove every element of hazard from a claim that may not survive the process of appeal.

*Olympia,* 786 F.2d at 798. The Seventh Circuit stated that it was "speculation" as to whether the judgment creditor would declare bankruptcy which was "all the more reason for not disturbing the district judge's exercise of discretion" in denying the supersedeas bond. *Id.* at 799-800.

As noted above, Indian Head's ability to pay the judgment is "plain" in that it is able to deposit cash into the Court pending the appellate process. There is therefore no requirement for Indian Head to submit evidence as to its financial situation since Indian Head's proposed deposit of the judgment amount plus interest is an adequate alternative security to a supersedeas bond. Even if Indian Head's financial situation

5

would lead it to declare bankruptcy, which is speculative at this time, as noted in *Olympia, supra*, this Court would be required to consider the interest of other creditors in determining the amount of security that a judgment creditor/appellant must provide to stave off the execution of a judgment pending appeal. The Court, in its discretion, will allow Indian Head to deposit with the Court the amount of the judgment, plus two years' interest. Indian Head must first present to the Clerk a proposed order for review and approval prior to submitting the order depositing the funds to the Court as required by Local Rule 67.1.

Accordingly,

IT IS ORDERED that the Motion to Deposit Funds Into Court In Lieu of a Supersedeas Bond in the amount of $2,442,298.15 **(Doc. No. 193)** filed by Indian Head is GRANTED.

IT IS FURTHER ORDERED that Indian Head submit a proposed order depositing the funds to the Clerk for review and approval as required under E.D. Mich. Local Rule 67.1. After the Clerk's approval of the proposed order, Indian Head may then submit the proposed order to the Court.

S/Denise Page Hood  
Denise Page Hood  
Chief Judge, United States District Court

Dated: April 19, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 19, 2016, by electronic and/or ordinary mail.

                                     S/LaShawn R. Saulsberry
                                     Case Manager