UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTINENTAL CASUALTY COMPANY, et al.,

    Plaintiffs/Counter-Defendants,

v.                                                                   Case No. 2:05-CV-73918

INDIAN HEAD INDUSTRIES, INC.,            Hon. Denise Page Hood

    Defendant/Counter-Plaintiff.

_____/

## ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT

**I.    BACKGROUND**

On December 16, 2016, the Sixth Circuit Court of Appeals issued its opinion affirming this court's summary judgment orders with respect to pro rata allocation and Continental Casualty's right to reimbursement. The matter was remanded "for further consideration the question of Continental's liabilities arising out of those claims that were based on the assumption of liabilities in the 1984 Agreement, but related to injuries that were ongoing thereafter, in accordance with this opinion." (Doc. No. 203, Opinion, pp. 20-21) The Mandate issued on January 20, 2017. (Doc. No. 205)

The court's Judgment was entered on September 30, 2015 in favor of Continental in the amount of $2,425,774.84. (Doc. No. 186) Indian Head appealed the Judgment on October 8, 2015. (Doc. No. 187) There were no other post-judgment

motions by any party regarding the amount of damages awarded by this court.

## II. INDIAN HEAD'S MOTION FOR SUMMARY JUDGMENT (No. 217)

This matter is before the Court on a Motion for Summary Judgment by Indian Head as to the issue on remand–Continental's liabilities arising out of the claims that were based on the assumption of liabilities in the 1984 Agreement, but related to injuries that were ongoing thereafter. Continental agrees with the relief set forth by Indian Head in its motion. Specifically, Continental responds, "Continental does not oppose Indian Head on this issue, and agrees that this Court should disburse the balance of the money on deposit accordingly." (Doc. No. 219, Pg ID 4195) The Court therefore grants Indian Head's Motion for Summary Judgment on this issue, that Indian Head is entitled to a credit of $20,738.80 against the Judgment issued by this Court, including judgment interest rate from September 31, 2015. The parties entered into a Stipulated Order disbursing the remaining funds on October 6, 2017. (Doc. No. 221)

## III. CONTINENTAL'S MOTION FOR SUMMARY JUDGMENT (No. 212)

Continental filed a Motion for Summary Judgment as to an issue not related to the issue remanded by the Sixth Circuit. A response was filed to this motion and so this motion is addressed below.

Continental seeks to amend the Judgment to recoup amounts paid in excess of

its pro rata share of defense costs incurred from January 1, 2013 through September 30, 2015 in the amount of $803,823.78. Continental did not seek to amend the Judgment issued on September 30, 2015 to add these damages, nor raise the additional damages on appeal.

Pursuant to 28 U.S.C. § 2106, appellate courts have the authority to grant either general or limited remands. *United States v. Moore*, 131 F.3d 595, 597 (6th Cir. 1997). "In the absence of an explicit limitation, the remand order is presumptively a general one." *Id.* at 598. On a limited remand, a district court's authority is constrained "to the issue or issues on remand. *Id.* The appellate court "must convey clearly [its] intent to limit the scope of the district court's review." *United States v. Campbell*, 168 F.3d 263, 267 (6th Cir. 1999). The limiting language defining the scope of an appellate court's mandate may be found "anywhere in an opinion or order, including a designated paragraph or section, or certain key identifiable language." *Id*. at 267. "[T]he mandate rule instructs that the district court is without authority to expand its inquiry beyond the matters forming the basis of the appellate court's remand." *Id.* at 265. "In essence, the mandate rule is a specific application of the law-of-the-case doctrine." *Id.*

"Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *Coal*

*Resources, Inc. v. Gulf & Western Industries, Inc.,* 865 F.3d, 761, 766 (6th Cir. 1989)(citation omitted). The law of the case doctrine precludes reconsideration of a previously decided issue unless one of three "exceptional circumstances" exists: the evidence in a subsequent trial was substantially different; controlling authority has since made a contrary decision of law applicable to such issues; or the decision was clearly erroneous, and would work a substantial injustice. *Id.* at 767 (citation omitted). A party may not reassert issues that were previously raised or should have raised in an earlier appeal. *United States v. McKinley,* 227 F.3d 716, 718 (6th Cir. 2000).

The Sixth Circuit has found that the language, "the case is remanded for a redetermination of the attorney-fees question in a manner consistent with this opinion" is a remand limited in scope and that the district court did not err in refusing to consider an issue not related to the issue on remand. *See McMurtry v. The Paul Revere Life Ins. Co.*, Case No. 01-6579, 67 F. App'x 290, 296-97 (6th Cir. May 28, 2003). The language such as, "we affirm in part and reverse in part the district court's judgment and remand for further proceedings consistent with this opinion," is deemed a general remand. *In re Arctic Express, Inc.,* 636 F.3d 781, 803 (6th Cir. 2011).

As noted above, the matter was remanded, "for further consideration the question of Continental's liabilities arising out of those claims that were based on the

4

assumption of liabilities in the 1984 Agreement, but related to injuries that were ongoing thereafter, in accordance with this opinion." (Doc. No. 203) The court interprets this language as a limited remand on the issue of Continental's liabilities. As agreed to by the parties, this issue is resolved and the court disburse the remaining monies deposited with the court to Indian Head.

The court has no authority to consider Continental's request to recoup monies it did not request prior to or after the Judgment was entered within the time period set forth in Fed. R. Civ. P. 59(e) which requires a motion to alter or amend a judgment to be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Continental has waived its claim for damages since all the facts relating to such occurred prior to the issuance of the Judgment.

As to Continental's argument that the court has authority to allow further damages under 28 U.S.C. § 2202, the Court finds that because of the limited remand and because the relief requested is essentially for damages and not for further declaratory relief, the Court also has no authority to review the request for further damages under § 2202. Continental did not file any further motions prior to the appeal in this matter for recoupment under 28 U.S.C. § 2202. The court, on this limited remand, has no authority to review Continental's motion and, it is therefore denied.

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Continental's Motion for Summary Judgment (Doc. No. 212) is DENIED.

IT IS FURTHER ORDERED that Indian Head's Motion for Summary Judgment (Doc. No. 217) is GRANTED.

IT IS FURTHER ORDERED that this action is designated as CLOSED.

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: August 31, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2018, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager